IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEXIS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NORTHSTAR LOCATION SERVICES, LLC | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ALEXIS JACKSON (Plaintiff), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the Duluth, Gwinnett County, Georgia.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Cheektowaga, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is contacting Plaintiff attempting to collect an alleged consumer debt from

Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. On or around August 2014, Defendant began placing calls to Plaintiff on Plaintiff's cell phone number, 404-903-xxx, in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff from 866-224-9825.

20. 866-224-9825 is one of Defendant's phone numbers.

21. Defendant calls Plaintiff at an annoying and harassing rate.

22. Plaintiff discovered Defendant was trying to collect a debt from Plaintiff's mother, Laree Jackson.

23. Plaintiff is not a co-signer or owner of the alleged debt.

24. In or around October 2014, Plaintiff answered one of Defendant's phone calls and spoke with one of Defendant's collection agents.

25. During the aforementioned conversation, Plaintiff made a payment toward the debt in the amount of $400 to be applied toward the alleged debt.

26. In or around October 2014, Plaintiff spoke with Defendant and told them to stop calling her cell phone.

27. Defendant continued to call Plaintiff on Plaintiff's cell phone number.

28. On or around December 24, 2014, Defendant called Plaintiff on Plaintiff's cell phone number.

29. On or around December 31, 2014, Defendant called Plaintiff on Plaintiff's cell phone number.

30. On or around January 7, 2015, Defendant called Plaintiff on Plaintiff's cell phone number.

31. On or around January 27, 2015, Defendant called Plaintiff on Plaintiff's cell phone number.

32. Despite Plaintiff's request, Defendant continues to call Plaintiff in an attempt to collect the alleged debt.

33. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's telephone number, to Defendant for any purpose whatsoever.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692b(3) of the FDCPA by communicating with a person other than the consumer more than once unless requested to do so when Defendant continued calling Plaintiff after Plaintiff requested that Defendant stop calling regarding her mother's account;

    b. Defendant violated §1692c(b) of the FDCPA by communicating with third parties, without prior consent of the consumer given directly to the debt collector, in connection with the collection of any debt when they contacted Plaintiff regarding her mother's debt;

    c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt by attempting to collect a debt from the Plaintiff that was not owed;

    d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or

engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the number called when Defendant called Plaintiff during the day, after Plaintiff asked Defendant to stop calling; and

e. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt when Defendant called Plaintiff to collect on Plaintiff's mother's debt.

WHEREFORE, Plaintiff, ALEXIS JACKSON, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

35. Actual damages of $400.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 9, 2015          By: /s/ Shireen Hormozdi
                       Shireen Hormozdi
                       Hormozdi Law Firm, LLC
                       1770 Indian Trail Lilburn Road, Suite 175
                       Norcross, GA 30093
                       Tel: 678-395-7795
                       Fax: 866-929-2434
                       E-mail: shireen@norcrosslawfirm.com
                       Attorney for Plaintiff